Victoria E. Brieant
California Bar No. 141519
Law Office of Victoria E. Brieant
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Tel.: 305-421-7200 / Fax: 786-228-4015
Email: Victoria@brieantlaw.com

Luis E. Reynoso
The Law Office of Luis E. Reynoso, PA
11900 Biscayne Blvd., Suite 803
North Miami, FL 33181-2726
Tel: 305-968-2043
Email: luis@reynosolawpa.com
Pending Application for Admission Pro Hac Vice

Attorneys for Plaintiffs
Alfred Frank Menconi and
Debra Lynne Menconi

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Alfred Frank Menconi and Debra Lynne Menconi, Individuals,<br><br>Plaintiffs,<br>v.<br><br>Mirage Group Consultants, Inc., a Florida corporation,<br><br>Defendant. | **CASE NO.: 2:16-cv-6352**<br><br>**COMPLAINT FOR DAMAGES**<br>**JURY TRIAL DEMANDED**<br><br>1. **Violation of the Fair Labor Standards Act**<br>2. **Violation of the California Labor Code**<br>3. **Breach of Contract** |
|---|---|

COMPLAINT

1.     Plaintiffs Alfred Frank Menconi ("Alfred Menconi") and Debra Lynne Menconi ("Debra Menconi") bring this lawuit to recover damages and attorneys' fees and costs for their unpaid wages, arising out of plaintiffs' employment by defendant Mirage Group Consultants, Inc. in which they were never paid for their hours worked.  Defendant's practice of not paying its employees violated the compensation requirements of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206, et seq. ("FLSA"), and various provisions of the California Labor Code ("Labor

Code"). Moreover, plaintiffs seek damages arising from the breach by defendant of its agreement to pay plaintiffs' expenses.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity). The action involves citizens of different states and an amount in controversy in excess of $75,000. Supplemental jurisdiction over Plaintiff's claims under California law is conferred by 28 U.S.C. § 1367.

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in this district.

## PARTIES

4. Plaintiff Alfred Menconi is a resident of Los Angeles County and a citizen of California for purposes of diversity jurisdiction.

5. Plaintiff Alfred Menconi was employed by Defendant Mirage Group Consulting, Inc. Plaintiff Alfred Menconi is listed on the Mirage Group website, http://www.miragegroupsite.com/about-us-2.html, as follows:

Alfred F. Menconi - President    50 years in passenger, cargo and travel fields
Formally held executive staff positions with major international airlines

6. Despite his title as an executive, plaintiff Alfred Menconi did not earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full time employment.

7. Plaintiff Debra Menconi is a resident of Los Angeles County and a citizen of California for purposes of diversity jurisdiction.

8. Plaintiff Debra Menconi was employed as an administrative assistant to Alfred Menconi by Defendant Mirage Group Consulting, Inc. from July 2010 through mid-July 2016. Despite her role as an administrative assistant, plaintiff Debra Menconi did not earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full time employment.

9. Defendant Mirage Group Consultants, Inc., a Florida corporation with its principal place of business at 12385 Rockledge Circle, Boca Raton, Florida 33428. Defendant is a marketing and development consulting firm specializing in aviation, transportation, precious metals and logistics related business. According to its website, www.miragegroupsite.com:

> Mirage Group Consultants Inc. is a marketing and development consulting firm specializing in aviation, transportation, precious metals and logistics related business. The company has extensive years of management experience worldwide to include air-carrier operations, tourism, cargo, purchasing and security.
>
> We are strategically located in areas of importance and are actively involved in the development of transportation and precious metals related matters. Our experience includes all facets of transportation including airlines, cruise lines and surface trucking.
>
> It is Mirage Group's policy to supply its customers the highest level of support by utilizing its facilities to their fullest. Once the customer requirement is established we draw on the vast experience of our agents and long established associates to achieve the goal.
>
> The personnel and associates of Mirage Group have generally held or hold senior positions within the airlines, cruise lines, trucking, travel agencies, freight forwarders, shippers and government agencies.

10. At all material times, the defendant has acted as an employer within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d), as well as California Labor Code § at California Labor Code §200-243, §510 and §1171-1206.

11. Whenever and wherever reference is made to individuals who are not named as Plaintiffs or Defendants in this complaint but are or were employees/agents of Defendants, or any of them, such references shall be deemed to mean that such individuals at all relevant times acted on behalf of Defendants within the scope of their employment.

## FACTUAL ALLEGATIONS

12. Plaintiff Alfred Menconi is a founder of defendant Mirage Group Consultants, Inc. Co-founders are Robert Monprode, Philip E. Goss, Jr., Brian Day, Michael Henley, and John V. Smith. Mr. Menconi has served as its president from July 2010 until July 2016. From July 2010 through February 2016, Mr. Menconi treated his position as president of the defendant as a full time job, typically working 6 to 7 days a week, with little vacation. Thus, beginning in July 2010 and continuing through July 2016, Plaintiffs were employed by Defendant.

13. Plaintiff Alfred Menconi was assisted by his wife, Debra Menconi, who performed the role of secretary / personal assistant for the defendant.

14. Plaintiff Alfred Menconi was never paid for the hours that he worked.

15. Plaintiff Debbe Menconi was never paid for the hours that she worked.

16. Defendant never issued any W-2 Forms or 1099 Forms to either plaintiff.

17. Beginning in July 2010, defendant agreed to make available to plaintiff Alfred Menconi $3,000 per month to pay for plaintiff Alfred Menconi's rent, utilities, including communication expenses, travel and transportation expenses, business expenses, and general expenses, and business expenses such as airline tickets for plaintiff Debra Menconi. These funds were deposited into the defendant's corporate checking account. Plaintiffs had debit cards to the defendant's checking account and checks that could be drawn on the defendant's checking account. Plaintiffs used their corporate debit cards and corporate checks to pay the agreed expenses. However, for many months, sometimes consecutively and sometimes intermittently, defendant failed to provide the $3,000 monthly stipend for plaintiff Al Menconi's expenses or made available less than the agreed $3,000. From July 2010 through early 2014, defendant made available only $59,583.39 of the agreed amount, and it owes plaintiff Al Menconi $165,737.42 for expenses.

FIRST CLAIM FOR RELIEF
FAILURE TO PAY MINIMUM WAGES AND OVERTIME
UNDER THE FAIR LABOR STANDARDS ACT
(Plaintiff Alfred Menconi)

18. Plaintiff Alfred Menconi realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

20. At all times relevant to this action, Defendants willfully failed and refused to pay Plaintiff Alfred Menconi the federal minimum wages required by the FLSA, to Plaintiff's damage in amounts to be proven at trial.

SECOND CLAIM FOR RELIEF
FAILURE TO PAY MINIMUM WAGES AND OVERTIME
UNDER THE FAIR LABOR STANDARDS ACT
(Plaintiff Debra Menconi)

21. Plaintiff Debra Menconi realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

22. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

23. At all times relevant to this action, Defendants willfully failed and refused to pay Plaintiff Alfred Menconi the federal minimum wages required by the FLSA, to Plaintiff's damage in amounts to be proven at trial.

///

### THIRD CLAIM FOR RELIEF
### FAILURE TO PAY MINIMUM WAGES AND OVERTIME UNDER THE CALIFORNIA LABOR CODE
(Plaintiff Alfred Menconi)

24. Plaintiff Alfred Menconi realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

25. Labor Code § 1197 establishes the right of employees to be paid minimum wages for their work, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by § 1197 may recover the unpaid balance together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

26. At all relevant times, Defendant failed to pay to Plaintiff Alfred Menconi minimum wage and overtime compensation for hours worked in excess of the maximum hours of work permissible by laws as set forth in the Labor Code.

27. By virtue of Defendant's unlawful failure and refusal to pay to Plaintiff Alfred Menconi wages when due as required by law, other violations of law alleged herein, and other violations of law according to proof, Plaintiff has suffered damages in amounts to be proven at trial, and is entitled to all appropriate penalties provided by the Labor Code.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO PAY MINIMUM WAGES AND OVERTIME UNDER THE CALIFORNIA LABOR CODE
(Plaintiff Debra Menconi)

28. Plaintiff Debra Menconi realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

29. Labor Code § 1197 establishes the right of employees to be paid minimum wages for their work, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by § 1197 may recover the

unpaid balance together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

30. At all relevant times, Defendant failed to pay to Plaintiff Debra Menconi minimum wage and overtime compensation for hours worked in excess of the maximum hours of work permissible by laws as set forth in the Labor Code.

31. By virtue of Defendant's unlawful failure and refusal to pay to Plaintiff Alfred Menconi wages when due as required by law, other violations of law alleged herein, and other violations of law according to proof, Plaintiff has suffered damages in amounts to be proven at trial, and is entitled to all appropriate penalties provided by the Labor Code.

### FIFTH CLAIM FOR RELIEF
### BREACH OF CONTRACT FOR FAILURE TO PAY EXPENSES
(Plaintiff Alfred Menconi)

32. Plaintiff Alfred Menconi realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

33. Beginning in July 2010, defendant agreed to make available to plaintiff Alfred Menconi $3,000 per month to pay for plaintiff Alfred Menconi's rent, utilities, including communication expenses, travel and transportation expenses, business expenses, and general expenses, and business expenses such as airline tickets for plaintiff Debra Menconi. These funds were to be deposited into the defendant's corporate checking account and plaintiffs had debit cards to the defendant's checking account and checks that could be drawn on the defendant's checking account.

34. Plaintiff has performed or his performance has been excused.

35. Defendant partially performed this contract.

///

36. Plaintiffs used their corporate debit cards and corporate checks to pay the agreed expenses.

37. Defendant breached this agreement. For many months, sometimes consecutively and sometimes intermittently, defendant made available less than the agreed $3,000 amount or failed to provide any funds for plaintiff Al Menconi's expenses.

**38.** Plaintiff Al Menconi was damaged by defendant's breach, since he has had to pay these expenses and has not been reimbursed for expenses in an amount to be proved at trial, but in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enters judgment against Defendants, and each of them, for:

1. Unpaid minimum wages, overtime premiums, penalties and interest, according to proof;

2. Liquidated damages pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), and California Labor Code § 1194.2(a);

3. General and compensatory damages, according to proof;

4. Reasonable attorneys' fees and costs;

5. Such other and further relief as the Court deems just and proper.

Dated: August 24, 2016.                           Law Office of Victoria E. Brieant, P.A.

By: /s/Victoria E. Brieant
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL 33146
Tel.: 305-421-7200 / Fax: 786-228-4015
mail: Victoria@brieantlaw.com

Luis E. Reynoso
The Law Office of Luis E. Reynoso, PA
Causeway Square
1801 NE 123rd Street, Suite 314

```
                                North Miami, FL 33181
                                Tel: 305-968-2043
                                Email: luis@reynosolawpa.com
                                Pending Application for
                                Admission Pro Hac Vice

                                Attorneys for Plaintiffs
                                Alfred Menconi and Debra Menconi
```

# DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable by a jury in this action.

```
Dated: August 24, 2016.          Law Office of Victoria E. Brieant, P.A.

                                 By: /s/Victoria E. Brieant
                                 4000 Ponce de Leon Boulevard, Suite 470
                                 Coral Gables, FL 33146
                                 Tel.: 305-421-7200
                                 Cell: 786-413-9026
                                 Fax: 786-228-4015
                                 mail: Victoria@brieantlaw.com

                                 Luis E. Reynoso
                                 The Law Office of Luis E. Reynoso, PA
                                 11900 Biscayne Blvd., Suite 803
                                 North Miami, FL 33181-2726
                                 Tel: 305-968-2043
                                 Email: luis@reynosolawpa.com
                                 Pending Application for
                                 Admission Pro Hac Vice

                                 Attorneys for Plaintiffs
                                 Alfred Menconi and Debra Menconi
```